**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

James Blasius,

        Plaintiff,

        v.                                     Case No. 3:13-CV-46 JVB

Angel Automotive, Inc.,

        Defendant.

**OPINION AND ORDER**

Plaintiff James Blasius contacted Defendant Angel Automotive to drastically improve an already modified 2005 Ford Expedition. Blasius thought Angel had performed the work successfully, but the day after picking it up, the Expedition erupted into flames while driving down a Michigan highway. Displeased, Plaintiff sued Defendant Angel Automotive for breach of contract and negligence.

At this stage, before the court is Defendant's motion for summary judgment, which the Court grants for the reasons stated below.

**A. Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to

1

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B. Material Facts**

In May 2012, Plaintiff contacted Defendant about modifying and repairing Plaintiff's 2005 Ford Excursion. (DE 53, Ex. 8.) Prior to this, Rudy's Diesel in North Carolina did substantial amount of work, over $30,000 worth, on the SUV, but it was not performing as it should. (DE 52, Ex C at 22–23.) Defendant agreed to improve the SUV's towing performance

and reliability. (DE 53, Ex. 9.) During the course of repairs, Defendant offered to complete several additional modifications, which Plaintiff agreed to have done. (DE 53, Ex. 5 at 44.) Included in the additional modifications was the replacement of all fuel lines in the SUV. (DE 53, Ex. 9.) In June 2012, Defendant contacted Plaintiff to tell him the work was finished, the SUV had been tested, and was ready to be picked up. (DE 53, Ex. 12.) During the trip from Indiana to Michigan, where Plaintiff lives, Plaintiff noticed odd readings on the gauges of the vehicle and emailed Defendant once he got home. (DE 53, Ex. 13.) Defendant never told Plaintiff to not drive the vehicle or that it would be unsafe. (DE 52, Ex. E at 50–51.)

The next day Plaintiff left to go on a trip to Northern Michigan. (DE 53, Ex. 2 at 46.) Plaintiff soon noticed smoke emanating from the dashboard and the rear of the truck. (*Id.* at 47.) Plaintiff realized the brakes were failing and the SUV could no longer downshift to decrease speed. (*Id.* at 48–49.) Smoke had completely filled the cabin and flames were coming from underneath the SUV. (*Id.* at 49.) Plaintiff finally brought it to a stop, but the fire was uncontrollable and completely totaled the SUV. (*Id.* at 50.)

After it had been towed, James Raad, an employee of Nederveld Vehicle Fire Investigation and an agent for Defendant's insurance company, examined the SUV. (DE 53, Ex. D.) Mr. Raad concluded that the fire originated in the front right side of the engine compartment, but that the source of the fire was undetermined. (*Id*.) Roughly two weeks later, Plaintiff retained his own expert, Adam Hooker, to review the burnt Expedition. (DE 53, Ex. 16.) However, it had already been scrapped out and altered by the Defendant at Plaintiff's request for use of salvageable parts in Plaintiff's new Expedition. (DE 52, Ex. C at 7; Ex. A at 74.) Plaintiff's expert stated in his deposition that he was unable to reach an expert opinion as to what caused the fire, but, using Mr. Raad's photographs, determined that it originated in the left rear portion of the engine compartment. (DE 53, Ex. 16 at 41.) Mr. Hooker believed that the fire was caused by a possible leak in the fluid system, but he refused to testify that, in his expert opinion, it was the cause of the fire. (*Id.* at 45.) When asked, Mr. Hooker thought that it was "possible" that the work by Defendant caused the fire, but when asked whether it was "more likely than not" that

the fire was caused by Defendant's work on the Expedition, Mr. Hooker answered that he doesn't "know if the work caused it." (*Id.* at 57–58.)

**C. Discussion**

Plaintiff claims that Defendant's negligence proximately caused the SUV fire and that Defendant breached the contract for Defendant to perform work on Plaintiff's Expedition. (DE 1.) In its Motion for Summary Judgment, Defendant claims that Plaintiff does not own the SUV and lacks standing to pursue a claim. (DE 52.) Defendant also argues there is no evidence in the record that demonstrates that Defendant acted negligently or that its actions proximately caused Plaintiff's SUV to burn. (*Id.*)

**(1) *Plaintiff is the proper party to litigate this claim***

Defendant claims that Plaintiff is not the proper party to litigate this claim, as he is not the actual owner of the vehicle. (DE 52 at 20.) Plaintiff is the owner and president of Automotive Credit Corporation, and the corporation is the actual owner of the vehicle. (*Id.*) An individual and the corporation that the individual owns are two separate legal entities. *Bowling v. Holdeman*, 413 N.E.2d 1010, 1015 (Ind. Ct. App. 1980). However, Federal Rule of Civil Procedure 17(a)(1)(F) states that an individual who either for himself or another, made a contract for another's benefit, may sue in his own name without listing the "the person for whose benefit the action is brought[.]" Fed. R. Civ. P. 17(a)(1)(F). Parties are allowed to sue in a representative capacity. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 93 (2005).

Since Plaintiff is the sole owner and shareholder of Automotive Credit Corporation, he was authorized to modify the vehicle. (DE 53, Ex. 2 at 98–99.) The contract for work done to the vehicle is between Plaintiff and Defendant, with no mention of Plaintiff's corporation. Therefore, Plaintiff has standing to bring this suit.

**(2) *Plaintiff failed to present evidence that Defendant's work was the proximate cause of the SUV fire***

Plaintiff filed a negligence claim against Defendant for failure to properly modify his SUV, resulting in a fire that totaled it. Negligence consists of three elements: defendant's duty to plaintiff, defendant's breach of that duty, and injury to a plaintiff proximately caused by that breach. *Hayden v. Paragon Steakhouse,* 731 N.E.2d 456, 458 (Ind. Ct. App. 2000). Under Indiana law, specific factual evidence or reasonable inferences drawn from factual evidence must be shown. *Id.* An inference is not reasonable when it rests solely on speculation or conjecture. *Id.* (citing *Midwest Commerce Banking Co. v. Livings*, 608 N.E.2d 1010, 1012 (Ind. Ct. App. 1993). Summary judgment is appropriate when there is insufficient evidence and negligence cannot be proven without speculation. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 678 (7th Cir. 2008).

At the core of the parties' dispute is whether Defendant's modifications to Plaintiff's SUV were the proximate cause of the fire that destroyed the SUV.[1] When determining proximate cause, two elements must be considered: causation in fact and the scope of liability. *City of Gary ex rel. King v. Smith & Wesson Corp.*, 801 N.E.2d 1222, 1243–44 (Ind. 2003). If an injury would not have occurred without a defendant's negligent act or omission, then there is causation in fact. *Id*. The scope of liability is determined on whether the injury "is a natural and probable consequence, which in light of the circumstances, should have been foreseen or anticipated." *Id.* at 1244 (citing *Bader v. Johnson*, 732 N.E.2d 1212, 1218 (Ind. 2000)).

Plaintiff has failed to present evidence showing that Defendant's modification to the SUV caused the fire. Plaintiff's own expert, Adam Hooker, refused to say that the fire was "more likely than not" caused by Defendant's work (DE 53, Ex. 16 at 57–58) and there's no other evidence establishing Defendant's negligence. The dearth of evidence connecting the fire with the Defendant makes this case similar to *Kincade v. Mac Corp.*, 773 N.E.2d 909 (Ind. Ct. App. 2002), and *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672 (7th Cir. 2008).

---

[1] After the motion for summary judgment was filed, Plaintiff moved to exclude the expert opinions of Thomas Angel and Daniel Fine but that motion is moot. Since Plaintiff has the burden of establishing liability and since all evidence must be considered in the light most favorable to Plaintiff, Angel's and Fine's opinions are inconsequential and the Court did not consider them in ruling on Defendant's motion for summary judgment.

In *Kincade*, a store clerk fell off a set of stairs and brought a negligence suit in Indiana court. In her deposition, she stated she couldn't recall what caused her to fall. *Kincade*, 773 N.E.2d at 912. The Indiana court of appeals found that, without actual evidence as to what happened, the plaintiff was just speculating that defendants caused her injuries. *Id.* In *Trask-Morton*, the plaintiff, a hotel guest, claimed she was sexually assaulted in a hotel room and that she would not have been assaulted had the security been adequate. *Id.* at 679. However, the plaintiff did not know how the assault happened or how any intruder entered her room, leading the Court of Appeals for the Seventh Circuit to observe that she could only speculate at her deposition as to what really happened. *Id.* When a plaintiff builds her case upon speculation, any favorable jury verdict would necessarily have to be based upon speculation as well. *Id.* And that's impermissible.

Much like in *Kincade* and *Trask-Morton*, unable to pin-point the cause of fire, Plaintiff resorted to speculation. Before the destruction of the SUV, Defendant's expert examined the car but could not determine the cause of the fire. (DE 52, Ex. D at ¶¶ 8–10.) After the SUV was already destroyed, Plaintiff's expert reviewed the findings of Defendant's expert and whatever was left of the SUV itself, yet he was unable to testify that "more likely than not" the fire was caused by Defendant's work. Nor did he identify any defect in Defendant's workmanship. The expert surmises that improper line connections, forcing, cross-threading, overtorquing, etc. may have caused fluid leak, but he does not actually establish that Defendant indeed improperly connected the lines, cross-threaded, overtorqued, etc. Hypothesis alone is not enough to subject Defendant to liability.[2]

### (3) The Doctrine of *res ipsa loquitur does not apply*

Plaintiff claims that circumstantial evidence may be used to prove Defendant's negligence. (DE 53 at 14.) The doctrine of res ipsa loquitur allows for an "inference of

---

[2] Plaintiff suggests that Defendant all but admitted his negligence in making modifications to the SUV by apologizing to Plaintiff upon learning of the fire. Under the circumstances, such inference goes too far.

negligence to be drawn from certain surrounding facts." *Volger v. Dominquez*, 624 N.E.2d 56, 61 (Ind. Ct. App. 1993). Under res ipsa loquitur, "negligence may be inferred where the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care." *Id.* at 61. Speculative evidence is not sufficient to support a cause for negligence. *Collins v. Am. Optometric Ass'n.*, 693 F.2d 636, 640 (7th Cir. 1982).

Plaintiff claims that there is clearly an inference of negligence because the SUV was fine when it was dropped off at Defendant's automotive shop, but caught fire and was totaled the day after it left Defendant's shop. The mere occurrence of a fire is not enough to invoke res ipsa loquitur. *Brinegar v. Robertson Corp.*, 550 N.E.2d 812, 815 (Ind. Ct. App. 1990) (superseded on a different issue). For res ipsa loquitur to apply, Plaintiff must demonstrate that the SUV was under the exclusive control of Defendant at the time of the fire, which Plaintiff is unable to do as he had exclusive control of the car when it caught on fire. Thus, the doctrine of res ipsa loquitur is inapplicable.

**(4)** *No evidence of breach of contract*

Plaintiff claims that Defendant failed to perform the modifications as required by their contract. This argument is based upon the premise that the fire would not have started by for Defendant failing to do what he promised. But this argument fails for exactly the same reasons as the argument for Defendant's negligence.

**D. Conclusion**

Although Plaintiff has standing to sue Defendant, he has failed to present evidence that Defendant's work was the proximate cause of the fire that totaled his SUV. For the foregoing reasons, the Court---

- denies Plaintiff's motion to exclude Defendant's experts' opinions (DE 62) as moot;

- grants Defendant's motion for summary judgment (DE 52).

The Clerk is directed to enter judgment for Defendant.

SO ORDERED on March 4, 2015.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE